Keating, J. (dissenting).
As a result of the majority’s decision, respondent has effectively evaded the educational preparation requirements which every other New York City junior high school social studies teacher must meet in order to obtain permanent tenure.
It is no answer to say that charges may be preferred against respondent on the ground of incompetency. The fact that the respondent was offered permanent tenure — albeit subject to completion of the prescribed “preparation requirements” — indicates that the Board of Education did not view respondent as incompetent. Also, her probationary period was admittedly otherwise satisfactorily completed. In the board’s view, the additional educational requirements beyond the baccalaureate are imposed for the purpose not of having just acceptable teachers, but of having excellently trained ones. In any event, the burden of proof will now be on the board to prove respondent’s incompetency.
The net effect of this decision is to confront the board with two alternatives, both of which are undesirable from the point of view of the board and the other probationary teachers as well *462 as the students. If the board continues to hold the opinion that some graduate work is a necessary prerequisite for good teaching and permanent tenure, the board must discharge after three years otherwise well-qualified, probationary teachers who have not completed the necessary “ preparation requirements ”. The board’s other alternative is to give permanent appointments and rely on an unenforcible promise that the teacher will complete the required graduate work.
The choice which we now impose on the board is most agonizing. The board must either lose many promising young teachers or accept a reduction in what it considers proper standards for effective teaching.
Respondent knew from the outset of the existence of these requirements for gaining permanent tenure and was repeatedly warned that she must complete her work before the expiration of a three-year period. Many young teachers consider these additional course requirements burdensome or worse. The need for these prerequisites has been the subject of much debate among educational experts. However, until they are changed, there is no justification for this court to allow respondent to disregard them. Moreover, the young teachers who have accepted these conditional permanent appointments and in good faith are now making the effort to complete the additional courses are laboring unnecessarily. It seems they do not have to do the work after all, if the majority view of the law is correct.
I cannot accept the essentially unwise and unfair result reached here, 'and it certainly is not mandated. This court’s prior decisions do not require it, and, in my view, preclude it.
Matter of Glass v. Board of Educ. (16 N Y 2d 982, affg. 21 A D 2d 891) does not support the majority’s position. There a teacher was held entitled to a hearing “ solely to determine whether [the teacher] has the requirements for eligibility and tenure. The teaching license is, of course, a professional prerequisite to the holding of a permanent position ” (p. 983). Were the question here whether respondent has met the conditions of her appointment, I would surely agree that a hearing should be had—not on the question of her competency—but solely to determine whether she had satisfied the conditions relating to her eligibility for appointment in the first instance. It is, however, conceded that respondent has not fulfilled the eligibility *463 conditions of her appointment. The clear implication of our holding in Matter of Glass v. Board of Educ. (supra) was that conditional permanent appointments, subject to the fulfillment of “ preparation requirements ”, were valid.
The other decisions of this court cited by the majority are not in point. In each of them, the teacher had fully met the requirements for permanent tenure at the time of his appointment. In each of them, the Boards of Education sought in one way or another to remove a teacher without a hearing for allegedly improper acts or acts which occurred subsequent to the teacher’s permanent appointment. These were transparent attempts to evade the requirements of the tenure statute.
The order of the Appellate Division should be reversed and the judgment of Special Term reinstated.
Chief Judge Fuld and Judges Burke and Jasen concur with Judge Bergan ; Judge Keating dissents and votes to reverse in an opinion in which Judges Scileppi and Breitel concur.
Order affirmed.